IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VIRGIL L. LOCKETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil No. 15-cv-1328-JPG-CJP |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM and ORDER**

**GILBERT, District Judge:**

The matter before the Court is plaintiff's response to the Commissioner's motion to remand (Doc. 24). Plaintiff contends that the Commissioner's motion should be denied because the record contains sufficient evidence to award benefits directly.

In the Commissioner's motion to remand, she indicates that "further clarification is necessary regarding the ALJ's assessment of the opinion of psychological consultative examiner Dr. Vincent"[1] (Doc. 22). She requests that the Court instruct the Commissioner to reconsider plaintiff's residual functional capacity and reconsider the weight given to the medical opinions. She also requests that, if it is warranted, supplemental vocational expert testimony be obtained. Plaintiff argues that a remand to further evaluate Dr. Vincent's notes and supplemental vocational expert testimony is unnecessary.

---

[1] The Court notes the Commissioner's statement that she chose not to attempt to negotiate a joint stipulation for remand because plaintiff is *pro se*. The fact that plaintiff is proceeding *pro se* should not alter the Commissioner's ability to communicate and reach an agreement with plaintiff. In the interest of efficiency and fairness to *pro se* plaintiffs, the Court suggests that the Commissioner make a good faith attempt at stipulating with *pro se* plaintiffs in the future.

While the Court is sympathetic to the amount of time a remand proceeding takes, this Court can only authorize the award of benefits in particular situations.  The Seventh Circuit recently held that it is appropriate for a district court to remand for an additional administrative hearing instead of directly awarding benefits when a record includes "some evidence that could be read to undermine [the plaintiff's] claim."  *Israel v. Colvin*, 840 F.3d 432, 442 (7th Cir. 2016).  Essentially, the Court may only award benefits when the "record supports only one conclusion— that the applicant qualifies for disability benefits."  *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005)).

While plaintiff feels his hearing and medical records clearly indicate disability, the Court notes that there is *some* evidence that could be read to undermine his claim.  For example, several state agency physicians indicated plaintiff was capable of performing at least light work (Tr. 43-54, 57-60, 75-78, 86-89).  Further, one of plaintiff's treating physicians on record stated several times he could perform light work (Tr. 282, 283, 284, 285).  However, the ALJ's analysis of plaintiff's psychological consultative examination in conjunction with his residual functional capacity assessment is inconsistent.  The consultative examiner indicated plaintiff was moderately limited in several aspects of mental functioning (Tr. 328-30).  The ALJ states that he incorporated all the examiner's limitations within his assessment by limiting plaintiff to unskilled work and occasional interaction with others.  This is insufficient (Tr. 21-22).

Therefore, the Court finds error with the ALJ's opinion but also some evidence that undermines plaintiff's disability claim.  Therefore, the Commissioner's Motion to Remand (Doc. 22) is **GRANTED**.

The final decision of the Commissioner of Social Security denying Virgil Lockett's application for social security benefits is **REVERSED** and **REMANDED** to the Commissioner

for rehearing and reconsideration of the evidence, pursuant to sentence <u>four</u> of 42 U.S.C. § 405(g).

The Clerk of Court is **DIRECTED** to enter judgment in favor of plaintiff.

**IT IS SO ORDERED.**

**DATED: December 12, 2016.**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
